IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ROBERT J. HAUPT, )
 )
        Plaintiff, )
 )
vs. ) Case No. CIV-10-542-D
 )
UNITED STATES OF AMERICA, )
 )
        Defendant. )

**ORDER**

Before the Court is Defendant's Partial Motion to Dismiss Plaintiff's Complaint [Doc. No. 11], filed pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Defendant United States first seeks the dismissal of a claim asserted against its employee, Huang Yinghua, because Plaintiff's exclusive remedy for tortious conduct by a federal employee acting within the scope of his employment is an action against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80. In Response, Plaintiff agrees that Defendant Huang Yinghua should be dismissed from this action and that it should proceed as an FTCA action against the United States.

Defendant also seeks the dismissal of Plaintiff's claim for personal injury to his shoulder allegedly suffered in the vehicle collision at issue, due to Plaintiff's failure to file a sufficient administrative claim concerning this injury. Defendant contends the Court lacks subject matter jurisdiction over any claim based on Plaintiff's alleged shoulder injury because he did not describe this injury in his administrative claim and did not demand a sum certain for it. *See Staggs v. United States ex rel. Dep't of Health & Human Servs.*, 425 F.3d 881, 884 (10th Cir. 2005) ("Under the FTCA, federal jurisdiction over damages suits against the United States depends upon a claimant presenting to the appropriate federal agency (1) a written statement sufficiently describing the injury

to enable the agency to begin its own investigation, and (2) a sum certain damages claim.") (internal quotation omitted). In response, Plaintiff apparently concedes this aspect of the Motion as well, stating he has filed a new administrative claim concerning his shoulder injury that remains pending before the appropriate agency. Plaintiff proposes that the Court stay this case to permit an administrative decision on his new claim, after which he would seek leave to amend his Complaint so that his personal injury claim could properly be included in this case. To that end, Plaintiff has filed a separate Motion to Stay Proceedings [Doc. No. 12].

Defendant contends in a reply brief concerning its Motion, and a response brief to Plaintiff's Motion, that this action should not be stayed because Plaintiff's filing of a new administrative claim is futile. In Defendant's view, Plaintiff is attempting to amend a previous claim after he has already instituted an action concerning it. Defendant predicts that Plaintiff's effort will fail and the new claim will be rejected. Accordingly, Defendant argues that a stay would serve no useful purpose.

The Court finds that it need not speculate about how Plaintiff's new administrative claim will fare before the agency in order to decide the issues presented by the parties' Motions. The law is clear that Plaintiff may not bring suit concerning a claim until he has exhausted his administrative remedies. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). Plaintiff has agreed that his shoulder injury claim was not fairly presented in his first administrative claim and has undertaken additional administrative proceedings concerning it. Until the administrative process is complete, Plaintiff cannot bring suit on his claim for personal injury, and the Court lacks jurisdiction over this claim. Further, the Court finds that Plaintiff has failed to present a sufficient reason, or any legal authority, to support his request for a stay.

Finally, Defendant also seeks by its Motion a determination that Plaintiff cannot recover punitive damages or attorney's fees. Plaintiff has failed to respond to this aspect of the Motion, and

thus, the Court in the exercise of discretion under LCvR7.1(g) deems it confessed. Further, the law is clear that punitive damages are not available against the United States in this action, *see* 28 U.S.C. § 2674, and that attorney's fees are not recoverable as a separate item of damages, *see id*. § 2678. *See also Hull ex rel. Hull v. United States*, 971 F.2d 1499, 1509-10 (10th Cir. 1992).[1] Therefore, Plaintiff's demands for punitive damages and attorney's fees are not cognizable in this action.

IT IS THEREFORE ORDERED that Defendant's Partial Motion to Dismiss Plaintiff's Complaint [Doc. No. 11] is GRANTED. Defendant Huang Yinghua is DISMISSED. This action shall proceed as an FTCA action concerning only Plaintiff's claim for property damage, and his demands for punitive damages and attorney's fees will not be considered.

IT IS FURTHER ORDERED that Plaintiff's Motion to Stay Proceedings [Doc. No. 12] is DENIED.

IT IS SO ORDERED this 8th day of October, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] In addition, an attorney cannot recover fees for representing himself. *See, e.g., Kay v. Ehrler*, 499 U.S. 432, 437 (1991).